UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELLIOTT SMART,          )  | |
|   Plaintiff,            )  | |
|                         )  | |
| vs.                     )  | No. 21-2137 |
|                         )  | |
| DELIZ SANTIAGO, et. al.,)  | |
|   Defendants           )  | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims three Defendants violated his constitutional rights at the Jerome Combs Detention Center in Kankakee, Illinois including Nurse Deliz Santiago, Nurse Alicia Vasquez, and Supervising Nurse Shannon Haggard.

On March 21, 2021, Plaintiff requested medical care for painful boils on his buttocks. Defendant Nurse Santiago came to Plaintiff's living unit on March 24, 2021 and discussed his condition in front of Officer Anderson and other inmates. She then took Plaintiff to a "visiting terminal" on the housing unit and told him to take his pants

down so she could observe the boils. (Comp., p. 5). Plaintiff says there was no door to the room and therefore other inmates and officers could see his exposed buttocks.

Later in the day, Plaintiff went to the Healthcare Unit and heard Defendant Santiago discussing his medical condition. Plaintiff says he was in the unit to see a doctor and he does not clarify who was involved in the conversation. For instance, was the Defendant discussing Plaintiff's symptoms with other medical professionals?

On April 1, 20201, Plaintiff requested a test for Sexually Transmitted Diseases (STD). On April 2, 2021, Defendant Nurse Vasquez called Plaintiff to the officer's desk in his housing unit and question Plaintiff "about personal things in front of Officer Mascolo and other inmates." (Comp., p. 5). For instance, the Defendant asked why Plaintiff requested the test, if he was having symptoms, and if he had sex. Plaintiff said he did not wish to discuss those issues in front of others, and Defendant Vasquez then denied the requested STD test.

Plaintiff says Defendant Supervisor Haddard should make sure nurses observe a patient's privacy, and adds, "[t]his has caused me to have many confrontations with inmates because they are always taking about me. This is very degrading and embarrassing to have all of these people knowing my medical issues." (Comp, p. 6).

Plaintiff is seeking damages and injunctive relief for violation of his privacy rights and his "confidentiality rights under HIPPA." (Comp, p. 5).

First, the Health Insurance Portability and Accountability Act or HIPPA does not include a private right of action or rights enforceable in a § 1983 action. *See Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019); *Acara v. Banks*, 470 F.3d 569, 570–72

2

(5th Cir. 2006); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). Thus, Plaintiff cannot proceed with a HIPPA claim.

Second, it is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of his allegations. The Fourteenth Amendment generally applies to the claims of pretrial detainees and the Eighth Amendment to claims of convicted prisoners, but both amendments may apply to an inmate's claims concerning medical privacy. *See i.e. Doe v. Wexford of Indiana LLC*, 2020 WL 4504915, at *2 (S.D.Ind. Aug. 4, 2020); *Simpson v. Joseph,* 2007 WL 433097, at *13 (E.D.Wis. Feb. 5, 2007).

Third, the Seventh Circuit Court of Appeals "has not explicitly recognized a right to medical privacy for inmates." *Dragisich v. Racine County Jail*, 2021 WL 2779123, at *3 (E.D.Wis. July 2, 2021), *citing Franklin v. McCaughtry*, 110 Fed. Appx. 715, 718–19 (7th Cir. 2004). In *Franklin*, the Seventh Circuit explained the "semi-public discussion" of an inmate's general medical conditions in front of other inmates and prison staff did not violate the inmate's constitutional rights. *Franklin*, 110 Fed. Appx. at 718.

> Prisoners cannot enjoy greater privacy protection than individuals in free society, and some amount of sharing of medical information in areas where it might be overheard by other patients—*e.g.,* in hospital emergency rooms, school infirmaries, and the waiting room of a doctor's office—is commonplace … (Plaintiff) appears to complain of nothing more than this sort of general indiscretion, including the argument that treatment in front of staff members is offensive. *Franklin,*110 Fed.Appx. at 719.

However, the Seventh Circuit also noted the plaintiff in *Franklin* was complaining of "fairly pedestrian maladies" and other circuit courts had found "the interest in the privacy of medical information will vary with the condition." *Id. quoting*

condition." *Powell v. Schriver,* 175 F.3d 107, 111 (2d Cir. 1999). For instance, the Second and Third Circuit courts have found a constitutional right to information privacy when "the underlying facts involved the purposeful dissemination of intensely private medical information about the complaining inmates." *Franklin,*110 Fed.Appx. at 719, *citing Doe v. Delie,* 257 F.3d 309, 311, 317 (3d Cir. 2001)(involving HIV-positive status); *Schriver,* 175 F.3d at 109 (involving HIV-positive status and transsexualism).

"A pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not 'rationally related to a legitimate, nonpunitive governmental purpose' or that it is 'excessive in relation to that purpose.'" *Johnson v. Jabkiewicz*, 2020 WL 5760566, at *3 (S.D. Ind. Sept. 28, 2020), *quoting Kingsley*, 576 U.S. at 397). A "prison administrators' interest in prison security and protecting medical staff" are legitimate, non-punitive penological goals. *Simpson v. Joseph*, 248 Fed. Appx. 746, 747 (7th Cir. 2007); *see also Dragisich,* 2021 WL 2779123, at *3 (legitimate nonpunitive purpose for officers remaining in examination room during medical evaluation); *Adell v. Hepp,* 2015 WL 6680237, at *1 (E.D. Wis. Nov. 2, 2015) (finding no constitutional violation when a guard stood nearby a medical exam room during the plaintiff's appointments).

The Court also notes Plaintiff does not just claim his private medical information was intentionally shared, but also alleges other inmates were able to see his exposed buttocks during one his medical examinations. *See i.e. Henry v. Hulett,* 969 F.3d 769, 779 (7th Cir. 2020).

Consequently, for the purposes of notice pleading, Plaintiff has adequately alleged Defendants Nurse Deliz Santiago and Nurse Alicia Vasquez violated his constitutional rights. However, Plaintiff has failed to articulate a claim against Defendant Nurse Shannon Haggard since his only claim is based on her role as a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisory liability) does not apply to § 1983 actions.."). Therefore, the Court will dismiss Defendant Haggard.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Nurse Santiago and Nurse Vasquez violated his constitutional rights when: a) Nurse Santiago intentionally discussed Plaintiff's medical condition in front of correctional staff and inmates and directed Plaintiff to expose his buttocks in front of inmates and staff on March 24, 2021; and b) Nurse Vasquez intentionally discussed Plaintiff's request for a test for sexually transmitted diseases in front of staff and other inmates on April 2, 2021. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed

before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Nurse Shannon Haggard for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the**

**status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of September, 2021.

.

                                           s/James E. Shadid
                              _____
                                            JAMES E. SHADID
                                  UNITED STATES DISTRICT JUDGE